IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00839 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING TORY WINWARD'S |
| vs. | ) | MOTIONS TO DISMISS COUNT 1 |
| | ) | AND DEFENDANTS CURTIS SWANSON |
| TORY WINWARD, (01) | ) | AND JESSE KEOKI TOSHIO |
| CURTIS SWANSON, and (02) | ) | YOSHINO'S JOINDERS THEREIN |
| JESSE KEOKI TOSHIO YOSHINO | ) | |
| (03), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING TORY WINWARD'S MOTIONS TO DISMISS COUNT 1
AND DEFENDANTS CURTIS SWANSON
AND JESSE KEOKI TOSHIO YOSHINO'S JOINDERS THEREIN**

**I.      INTRODUCTION.**

Defendants Tory Winward, Curtis Swanson, and Jesse Keoki Toshio Yoshino are charged with two counts of conspiring to interfere with commerce by threats or violence in violation of 18 U.S.C. § 1951, the Hobbs Act.  Before the court are Winward's two motions to dismiss Count 1 of the Indictment, in which Swanson and Yoshino join.  One motion asserts a failure to invoke jurisdiction, and the other asserts a failure to state an offense.  This court DENIES both motions.

**II.     FACTUAL BACKGROUND.**

The Indictment charges that Winward, Swanson, and Yoshino (collectively, "Defendants") conspired to obtain money from business owners through the use of violence and intimidation.  Count 1 charges that Defendants assaulted and

intimidated A.L. and B.B., owners of a Honolulu restaurant and bar, in accordance with a plan to obtain payment from them. Count 1 states:

> A. At various times relevant to Count One of this Indictment, A.L. and B.B. were owners and operators of The Shack Waikiki, a bar and restaurant, located at 2255 Kuhio Avenue, Honolulu, Hawaii (hereinafter "The Restaurant"). The Restaurant was engaged in interstate commerce and operated in an industry which affects interstate and foreign commerce.
>
> B. Beginning on or about a date unknown, but at least as early as 2010, and continuing thereafter through and including on or about August 29, 2011, in the District of Hawaii, TORY WINWARD, CURTIS SWANSON, and JESSE KEOKI TOSHIO YOSHINO, defendants herein, did unlawfully conspire and agree together with each other to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, to wit: the defendants conspired to obtain U.S. currency, which was the property of the owners and operators of The Restaurant, with the consent of such persons intended to be induced by the wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951.

Indictment at 1-2, ECF No. 22. Count 1 includes the following Overt Acts:

> 1. On or about November 12, 2010, WINWARD attended a meeting at The Restaurant with the security staff and instructed them not to intervene no matter what happened that night.

>     2. On or about November 13, 2010
> at approximately 1:51 a.m., YOSHINO attacked
> and repeatedly punched B.B. while at The
> Restaurant.
>
>     3. On or about July 30, 2011,
> WINWARD attacked and punched B.B. in the face
> at The Restaurant.
>
>     4. On or about July 30, 2011,
> SWANSON, while attending the same meeting
> referenced in Overt Act 3 herein, stepped
> toward an employee who attempted to stand up
> from his chair and stared at him until the
> employee moved back in his seat.
>
>     5. On or about August 1, 2011,
> WINWARD stated to B.B. in a telephone call,
> "You want me out, fucking pay me . . ."

Id. at 2-3.

Defendants now seek dismissal of Count 1, an alleged violation of the Hobbs Act, on the grounds that: (1) Count 1 fails to invoke this court's jurisdiction by failing to assert a nexus between the alleged violent acts and Defendants' alleged extortion plan, and by failing to indicate how interstate commerce was affected, and (2) Count 1 fails to state an offense.

**III.    STANDARD.**

Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense that "is capable of determination without the trial of the general issue." A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. United States v. Nukida, 8 F.3d 665, 669,

appeal after remand, 87 F.3d 1324 (9th Cir. 1993). "In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true." United States v. Ruiz-Castro, 125 F. Supp. 2d 411, 413 (D. Haw. 2000).

Rule 12(b)(3)(B) provides for motions to dismiss that argue "that the indictment or information fails to invoke the court's jurisdiction or to state an offense."

An indictment is only required to "be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment will withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his or her defense; (2) to ensure the defendant that he or she is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable the defendant to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge. United States v. Rosi, 27 F.3d 409, 414 (9th Cir. 1994); United States v. Bernhardt, 840 F.2d 1441, 1445 (9th Cir. 1988). Accord United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995) (stating that, generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double

4

jeopardy and to be informed of the offense charged); <u>United States v. Buckley</u>, 689 F.2d 893, 896 n.3 (9th Cir. 1982) (same).

A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.  Therefore, a motion to dismiss an indictment may not be used as a device for summary trial of the evidence.  <u>United States v. Jensen</u>, 93 F.3d 667, 669 (9th Cir. 1996).

**IV.     ANALYSIS.**

Section 1951 of Title 18 of the United States Code, the Hobbs Act, provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

Section 1951 defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C. § 1951(b)(2).  "Commerce" includes "all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof," as well as "all commerce between points within the same

State through any place outside such State." 18 U.S.C. § 1951(b)(3).

An indictment must "set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged." United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979). Thus, an indictment that tracks the offense in the words of the statute is sufficient "so long as the words unambiguously set forth all elements necessary to constitute the offense." United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1985); see also United States v. Blinder, 10 F.3d 1468, 1476 (9th Cir. 1993). It is not necessary that an indictment summarize the evidence that will be presented at trial. See Blinder, 10 F.3d at 1476; Givens, 767 F.2d at 584.

Defendants challenge Count 1 as failing to invoke this court's jurisdiction or to state an offense. Their arguments are unpersuasive.

### A. Count I Sufficiently Invokes This Court's Jurisdiction.

#### 1. The Allegations Support a Nexus Between the Alleged Extortion Scheme and the Alleged Assaults.

Defendants argue that, by failing to describe the connection between the alleged assaults and the alleged plan to extort, Count 1 fails to invoke the court's jurisdiction over a

Hobbs Act violation. Rule 12(b)(3)(B) provides for a motion to dismiss based on the argument that an indictment "fails to invoke the court's jurisdiction." At the hearing on the present motions, Winward's counsel could not explain how, under the circumstances of the present case, "invoking" the court's jurisdiction (as opposed to establishing jurisdiction) differed from the other prong of Rule 12(b)(3)(B), which goes to stating an offense. Nor has this court's own research turned up authority clarifying how the two prongs in Rule 12(b)(3)(B) are distinguishable under the circumstances of the present case, although hypothetical circumstances could be imagined. However, as Winward has filed separate motions with respect to each prong, the court addresses each prong in turn.

Even if Count 1 does not expressly assert a connection between the alleged assaults and an extortion plan, a connection may be implied. The Ninth Circuit has held that an indictment should be read as a whole and may include implied facts. See, e.g., Buckley, 689 F.2d at 899; United States v. Inryco, Inc., 642 F.2d 290, 294 (9th Cir. 1981); United States v. Anderson, 532 F.2d 1218, 1222 (9th Cir. 1976).

The defendants in Buckley were charged with mail fraud. Buckley, 689 F.2d at 895. The district court dismissed the indictment because it did not include factual allegations about the defendants' use of the mail to further a fraudulent scheme.

7

Id. at 896. The Ninth Circuit reversed, emphasizing that an indictment should be: "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." Id. at 899. The court concluded, "Because the indictment implicitly alleged the falsity [of the mailing], it was clear enough to give the defendants notice of the crime charged and to allow them to plead double jeopardy." Id. at 898.

Count 1 alleges that Defendants planned to extort money from B.B. and A.L. Count 1 alleges overt acts committed in furtherance of that plan, including alleged assaults on B.B. and a demand that B.B. pay money. The allegations, taken together, sufficiently imply a connection between the alleged scheme, the alleged assaults, and the alleged demand.

Defendants cite United States v. Yankowski, 184 F.3d 1071 (9th Cir. 1999), for the proposition that a Hobbs Act charge must state a connection between the violent act and the plan to extort. This proposition is not in dispute in the present case.

Yankowski involved a defendant who had allegedly set fire to an abortion clinic. Id. at 1072. A federal grand jury indicted the defendant for the use of fire to commit a felony, citing a Hobbs Act violation as the underlying felony. Id. The defendant was convicted. Id. On appeal, the prosecution conceded that it neither charged nor proved a connection between the arson and any extortion. Id. at 1073. The government

instead argued that the Hobbs Act criminalized any act of violence to person or property that affected commerce, and did not require an extortionate element. See id. at 1074-74. The Ninth Circuit reversed, stating that the government was not at liberty to ignore a necessary element of the Hobbs Act, and that the government was required "to charge and prove some connection between the alleged arson and a plan to extort or rob the Clinic." Id. at 1074. That is, a charge without any connection to a plan for extortion was insufficient. Id.

By contrast, Count 1 includes allegations concerning the alleged extortion and alleged assaults. The nexus is easily inferred, and this court's jurisdiction is therefore properly invoked.

### 2. Dismissal Based on The Lack of More Specific Allegations Concerning An Effect on Interstate Commerce Is Not Warranted.

Defendants also challenge the invocation of this court's jurisdiction on the ground that there are insufficient allegations of the effect of the alleged extortion scheme on interstate commerce. This argument is unavailing. As Defendants themselves acknowledge, an indictment need not describe how interstate commerce is affected.

In Woodruff, 50 F.3d at 676, the Ninth Circuit held, "The precise interstate nexus component of a Hobbs Act violation is, of course, an element . . . that must be proved at trial.

9

Our circuit has established that it need not, however, be expressly described in the indictment."  Id. at 677; see also Carbo v. United States, 314 F.2d 718, 732-33 (9th Cir. 2004).

Faced with this controlling law, Defendants say that Count 1's interstate commerce allegations are nevertheless defective because Count 1 alleges only that a restaurant was engaged in interstate commerce, but it was allegedly B.B. and A.L. who were the victims of the extortion.  Citing United States v. Lynch, 437 F.3d 902 (9th Cir. 2006), Defendants argue, "For the purpose of the interstate commerce element, the distinction between conduct directed toward individuals and conduct directed toward a business is critical."  Reply at 4, ECF No. 248.  The problem with Defendants' reliance on this distinction is that it goes to what must be established at trial, not to what must be alleged in an indictment.  See United States v. Troiano, 258 Fed. Appx. 983, 986 n.1 (9th Cir. 2007) ("As already discussed, whether or not the target of the robbery is an individual or a business pertains to what the government must prove at trial to demonstrate that the robbery affected interstate commerce.").

The court denies the motion to dismiss to the extent it is based on the argument that Count 1's interstate commerce allegations are insufficient to invoke this court's jurisdiction.

**B.    Count 1 States an Offense.**

Defendants argue that, even if this court's jurisdiction is properly invoked, Count 1 should be dismissed under the "failure to state an offense" prong of Rule 12(b)(3)(B).  In support of this argument, they repeat their contention that the required effect on interstate commerce is insufficiently alleged, this time for the purposes of stating an offense rather than for invoking the court's jurisdiction.  The court rejects this repeated argument based on the Ninth Circuit decisions cited above on this subject.  In moving for dismissal based on a failure to state an offense, Defendants also identify which allegedly necessary factual allegations are missing and point to the Criminal Complaint as corroborating their argument that Count 1 is factually insufficient.  This court is unpersuaded.

1. **The Factual Allegations in Count 1 are Sufficient.**

Defendants argue that Count 1 lacks certain factual allegations necessary to state a Hobbs Act violation.  Count 1 alleges that Defendants conspired to obtain money from B.B. and A.L., the owners and operators of The Shack Waikiki, a bar and restaurant, through the wrongful use of actual and threatened force, violence, and fear.  With respect to B.B., Defendants complain that, while Count 1 alleges that B.B. was the victim of two assaults by Defendants, it does not allege a connection between any assault and any plan to extort anything from B.B.

Thus, they say, with respect to B.B., Count 1 alleges only an assault in violation of state law, not a Hobbs Act violation. With respect to A.L., they complain that Count 1 mentions nothing specific about A.L. at all.

The arguments concerning B.B. fail for the reasons set forth above in connection with the motion challenging the invocation of this court's jurisdiction. The nexus between the alleged extortion scheme and the alleged assaults may be implied rather than express.

The arguments concerning A.L. are not grounds for dismissal for failure to state an offense. The government did not have to specify any target or victim of the alleged extortion at all. See Troiano, 258 Fed. Appx. at 986 n.1. Because the acts alleged are sufficient to state an offense, regardless of whether they involve A.L., it cannot be said that the absence of detail as to A.L., who need not even be named, somehow renders Count 1 fatally defective.

The sufficiency of Count 1 is made clear by a comparison of a case in which the Ninth Circuit found the indictment sufficient and a case in which the Ninth Circuit found the indictment insufficient.

In United States v. Miller, 771 F.2d 1219 (9th Cir. 1985), the Ninth Circuit found the indictment sufficient. The indictment charged four corporations and eight individuals with

12

having conspired with others to fix gasoline prices in violation of the Sherman Act, 15 U.S.C. § 1.  Id. at 1224.  The defendants argued that the indictment contained "insufficient factual allegations" because it alleged "few facts other than the situs of the conspiracy and the names of the co-conspirators," did not "give notice of any overt acts," and "failed to place the conspiracies within a specific time frame."  Id. at 1226.  The Ninth Circuit disagreed, concluding that the indictment "contain[ed] sufficient factual specificity."  Id.

The Ninth Circuit noted that the indictment charged the time period of the conspiracy, listed the actions the defendants took to carry out the conspiracy (discussions by telephone or at meetings), and charged that the defendants "attempted to enforce adherence to their price-fixing scheme by informing other competitors of the conspirators' agreements."  Id. at 1227.  In affirming the district court's denial of the defendants' motion to dismiss, the Ninth Circuit observed, "While the instant indictment is not a model of pleading, it does contain sufficient factual particularity to afford [the defendants] adequate notice of the charges against them."  Id.

By contrast, the Ninth Circuit concluded that the indictment in Cecil was insufficient.  The defendants in Cecil were charged with conspiracy to import and possess, with intent to distribute, marijuana.  Id. at 1295.  The indictment tracked

13

the language of the statute, alleged that the conspiracies "occurred in Arizona, Mexico, and elsewhere," and listed the names of "some of the alleged co-conspirators." Id. at 1297. The time frame for the conspiracy was described as "beginning on or before July, 1975, and continuing thereafter until on or after October, 1975." Id. This description covered indeterminate periods before June 1975 and after October 1975, meaning that the description put no limit at all on the relevant time frame. The Ninth Circuit concluded that the indictment was factually insufficient because it made only "two specific [factual] allegations" and failed "to state any other facts or circumstances pertaining to the conspiracy or any overt acts done in furtherance thereof." Id. at 1296-97.

Count 1 is better analogized to the indictment in Miller than to the indictment in Cecil. Count 1 provides the names of the alleged conspirators, the location of the business, and the overt acts allegedly committed in furtherance of the extortion conspiracy, including Winward's meeting with the security staff, Winward and Yoshino's alleged assaults on B.B., and Winward's subsequent alleged demand that B.B. pay him money. While the start of the relevant time period was "at least as early as 2010," the end date was clearly "on or about August 29, 2011."

14

Defendants are unpersuasive in arguing that Count 1's factual allegations are insufficient to state an offense.

## 2. Evidence Outside the Indictment Is Not a Basis for Dismissal for Failure To State an Offense.

Defendants also point this court to the Criminal Complaint that preceded the filing of the Indictment. Attached to the Criminal Complaint was the Affidavit of Joe J. Yum, an FBI Special Agent. Defendants assert that the affidavit may be considered by this court and that the statements in that affidavit are "inconsistent with Count One's allegation of a conspiracy to extort currency belonging to B.B." Reply at 4, ECF No. 248.

This appears to the court to be an attempt by Defendants to argue that the government will be unable to prove a Hobbs Act violation at trial. That is not a proper subject for a motion to dismiss for failure to state an offense. Whether the evidence is sufficient to prove that Defendants violated the Hobbs Act is a question for the jury, not this court. See Nukida, 8 F.3d at 669 (the defendant's Rule 12(b) motion to dismiss "amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense").

Defendants protest that the affidavit only "highlights the fatal defects in Count One" and that their argument is really "that Count One, on its face, fails to allege a Hobbs Act conspiracy offense." Reply at 2, ECF No. 248. As discussed

16

above, Count 1 is indeed sufficient on its face.  The motion to dismiss for failure to state an offense is therefore denied.

**V.    CONCLUSION.**

The court DENIES Winward's motions to dismiss Count 1 of the Indictment for failure to invoke jurisdiction, and failure to state an offense.  Swanson and Yoshino's joinders in both motions are similarly denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 12, 2013.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Winward (01), Swanson (02), and Yoshino (03), Crim. No. 11-00839 SOM; ORDER DENYING TORY WINWARD'S MOTIONS TO DISMISS COUNT 1 AND DEFENDANTS CURTIS SWANSON AND JESSE KEOKI TOSHIO YOSHINO'S JOINDERS THEREIN.